```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

    - against -                         MEMORANDUM & ORDER

PATIENT ACCESS SOLUTIONS, INC.,         No. 22-cv-4447(KAM)(JAM)

            Defendant.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") brings this action against Defendant Patient Access Solutions, Inc. ("PASO") pursuant to its authority under Sections 20(b) and 20(d) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b) and 77t(d), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15. U.S.C. § 78u(d). The Complaint alleges violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. PASO failed to appear or otherwise defend this action. Plaintiff now moves for a default judgment against PASO. For the reasons below, the Court once again denies Plaintiff's motion for default judgment against PASO without prejudice.

## Background

The following facts are taken from Plaintiff's Complaint, Plaintiff's motion for default judgment, and the attachments filed in support of Plaintiff's motion. Given PASO's default, the Court accepts as true all well-pleaded factual allegations in the Complaint, except as to damages. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint." (citation omitted)).

## I. Factual Background

Defendant PASO is a healthcare company incorporated in Nevada with its principal place of business in New Hyde Park, New York. (ECF No. 1, Compl. ¶¶ 12, 15.) PASO's common stock is quoted on OTC Link, an interdealer quotation and trading messaging system operated by OTC Markets Group Inc. (*Id.* ¶ 12; ECF No. 26-1, Pl. Mem. at 3.) Defendant Bruce Weitzberg, a resident of New York, was the President, CEO, and Director of PASO from 2008, until he passed away in May 2023, and Plaintiff dismissed its claims against him on January 2, 2024. (ECF No. 25.) Defendant Joseph Gonzalez, a resident of North Carolina, was a PASO director from 2007 to 2020, when he resigned. (ECF No. 1, Compl. ¶ 14; ECF No. 26-1, Pl. Mem. at 3.) A consent judgment between Plaintiff and Mr. Gonzalez was "so ordered" by the Court on September 29, 2022. (*See* ECF No. 9, Gonzalez Consent Judgment). The Court need not and will not address service regarding either Mr. Weitzberg or Mr. Gonzalez, as the

2

only remaining defendant is PASO.

As alleged in the Complaint, from January 2020 to April 2020, PASO, Weitzberg, and Gonzalez issued false press releases and tweets representing that PASO was actively negotiating a merger with another entity. (ECF No. 1, Compl. ¶ 16.) Plaintiff alleges that Mr. Gonzalez wrote and posted tweets to PASO's Twitter account. (*Id.* ¶¶ 17, 19.) These tweets stated that PASO was "exploring a significant merger opportunity" and negotiating final terms, and that PASO was preparing to deliver a dividend to shareholders. (*Id.* ¶¶ 17, 19.)

Plaintiff also alleges that Mr. Gonzalez wrote a press release that Mr. Weitzberg approved and publicly disseminated that assured shareholders that merger negotiations were active. (*Id.* ¶ 18.) The press release, issued by PASO on February 13, 2020, stated that a private equity firm managing $50 billion represented the merger partner and that the parties were aiming to close in the first quarter of 2020. (*Id.*)

A second press release issued by PASO on April 17, 2020, stated that merger negotiations had paused due to COVID-19, but the parties were planning to close by the end of June 2020. (*Id.* ¶ 21.) This press release stated again that PASO would be issuing a dividend to shareholders. (*Id.* ¶ 22.) At no time was PASO involved in any merger negotiations with another entity, nor had it been preparing to issue a dividend. (*Id.* ¶¶ 20, 23.)

3

From February 2020 to March 2020, PASO posted numerous false letters to the OTC Markets website reporting large inside stock purchases. (*Id.* ¶¶ 27-38.) The first letter stated that Mr. Gonzalez had purchase nine million shares of PASO common stock on the open market. (*Id.* ¶ 28.) In subsequent letters, PASO reported that Mr. Gonzalez had increased his PASO shares to 11.5 million. (*Id.* ¶ 29.) The final letter contained a screenshot of Mr. Gonzalez's brokerage account, showing the 11.5 million shares. (*Id.* ¶¶ 29, 32.)

Plaintiff alleges that, contrary to PASO's letters, Mr. Gonzalez had not purchased any PASO stock during the February to March 2020 period, and immediately following the final letter, Mr. Gonzalez began selling his PASO stock. (*Id.* ¶ 30.) Furthermore, Plaintiff alleges that Mr. Gonzalez had fabricated the screenshot of his brokerage account showing that he owned 11.5 million shares of PASO stock. (*Id.* ¶ 32.)

Several other letters posted to the OTC Markets website during this same period reported that another PASO advisor had purchased over 600,000 shares of PASO stock on the open market. (*Id.* ¶¶ 34-35.) Plaintiff alleges that the PASO advisor had not purchased any PASO shares and did not know that these letters were posted. (*Id.* ¶¶ 35-36.) Plaintiff alleges that Mr. Gonzalez informed Mr. Weitzberg that he intended to post the letters to show investors that the merger talks were real. (*Id.* ¶ 38.) Mr. Weitzberg did not

4

take any steps to ensure the letters were accurate, and he provided Mr. Gonzalez with access to the OTC Markets website. (*Id.*)

Between January 2020 and April 2020, PASO sold over $40,000 in PASO stock to four investors, three of whom were repaid after Plaintiff filed the Complaint. (*Id.* ¶ 25; ECF No. 26-1, Pl. Mem. at 7.) In this same period, the price of PASO stock increased 93% while market and industry indices were down. (ECF No. 26-1, Pl. Mem at 6.) Mr. Weitzberg utilized approximately $40,000 of PASO's funds for his personal use. (*Id.* at 7.)

## II. Procedural Background

Plaintiff commenced this action on July 28, 2022. (ECF No. 1, Compl.) On September 19, 2022, Plaintiff served PASO with the Summons and Complaint by serving PASO's registered agent at Empire Stock Transfer, 1859 Whitney Mesa Dr., Henderson, NV 89014. (ECF No. 8, PASO Return of Service.) Plaintiff served Mr. Weitzberg with process on September 28, 2022, by having the Summons and Complaint delivered to the receptionist, a person "of suitable position and discretion to accept service in the absence of Bruce Weitzberg," at "New Horizons & Better Life Clinics," located at "2001 Marcus Ave N 218, New Hyde Park, NY 11042," which, the process server stated, "[u]pon information and belief...is the usual place of business or employment of" Mr. Weitzberg. (ECF No. 10, Weitzberg Return of Service.)

PASO's and Mr. Weitzberg's responses were due by October 10

5

and October 19, respectively. (ECF No. 8, PASO Return of Service; ECF No. 10, Weitzberg Return of Service.) Both Defendants failed to respond. On November 17, 2022, Plaintiff requested the Clerk of Court to enter default as to PASO and Mr. Weitzberg. (ECF No. 11, Req. Entry of Def.) The Clerk of Court entered defaults as to PASO and Mr. Weitzberg on December 5, 2022. (ECF No. 12, Cert. of. Def.)

After the Clerk of Court entered default in December 2022, Plaintiff began settlement discussions with Mr. Weitzberg and PASO. (ECF No. 26-2, Sukhatme Decl. ¶ 3.) Mr. Weitzberg made a settlement offer on behalf of himself and PASO on April 17, 2023, in the form of consent judgments, and each was signed and notarized; further, the consent judgment as to PASO included a civil monetary penalty. (*Id.* ¶ 4.) Upon receipt of the consent judgments that Mr. Weitzberg signed and notarized on behalf of PASO and himself, Plaintiff sought approval from the SEC's five-member Commission. (*Id.* ¶ 5.) On May 2, 2023, while the five-member Commission was considering the settlement offers, Mr. Weitzberg passed away. (*Id.* ¶ 6.)

On June 9, 2023, Plaintiff moved for default judgment against PASO, (ECF No. 17, First Def. J. Mot.), and to adjourn the deadline to file a motion for default judgment against Mr. Weitzberg while Plaintiff decided whether to proceed against his estate, (ECF No. 18.) On December 26, 2023, Plaintiff filed a motion for voluntary dismissal of claims against Mr. Weitzberg. (ECF No. 23.)

6

On January 2, 2024, the Court denied without prejudice Plaintiff's motions for default judgment against PASO and for voluntary dismissal against Mr. Weitzberg. The Court denied Plaintiff's default judgment motion against PASO for failure to comply with Local Civil Rule 55.2, and denied Plaintiff's voluntary dismissal because Plaintiff failed to properly move under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

On January 2, 2024, Plaintiff moved again for voluntary dismissal as to Mr. Weitzberg under Rule 41(a)(1)(A)(i), which the Court granted. On January 3, 2024, Plaintiff filed the instant motion for default judgment against PASO. (ECF No. 26, Pl. Def. J. Mot.) Plaintiff served PASO via overnight courier at 2001 Marcus Avenue, New Hyde Park, NY 11042. (ECF No. 27, Cert. of Serv.)

## **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55, courts follow a two-step process to enter default judgment. *Mickalis*, 645 F.3d at 128. First, when the defendant has been served with process but fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk of court enters the defendant's default. *See* Fed. R. Civ. P. 55(a). The plaintiff may then move the court to enter a default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). "Before entering a default judgment, the court must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all required procedural steps in moving for

7

a default judgment, and (3) the plaintiff's allegations establish the defendant's liability as a matter of law." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474 (KAM) (ST), 2024 WL 219092, at *2 (E.D.N.Y. Jan. 22, 2024).

## Discussion

### I. Jurisdiction

A court "may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant." *Guerra v. Steelstone Grp., LLC*, No. 22-CV-7191 (KAM) (SJB), 2024 WL 2319685, *3 (E.D.N.Y. May 22, 2024) (citing *Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 732 (2d Cir. 1980)).

#### A. Subject Matter Jurisdiction

Federal courts have original jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. Plaintiff's claims arise under the Securities Act and the Exchange Act, which are both federal statutes. (*See* ECF No. 1, Compl., ¶ 5.) Plaintiff's Complaint thus arises under the laws of the United States and the Court has subject matter jurisdiction.

#### B. Personal Jurisdiction

Federal Rule of Civil Procedure 4(h)(1)(B) permits a corporation to be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or

8

any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Under Federal Rule of Civil Procedure 4(h)(1)(A), a plaintiff may also serve a corporation according to the law of the state where the district court is located. *See* Fed. R. Civ. P. 4(h)(1)(A); *Guerra*, No. 22-CV-7191 (KAM) (SJB), 2024 WL 2319685, at *4. "New York law allows for a corporation to be served by delivering the summons and complaint to 'an officer, director, managing or general agent...or to any other agent authorized by appointment or by law to receive service.'" *Guerra*, No. 22-CV-7191 (KAM) (SJB), 2024 WL 2319685, at *4 (quoting N.Y. C.P.L.R. § 311(a)(1)); *see also* N.Y. Bus. Corp. Law § 306 (permitting a corporation to be served via its "registered agent").

Here, Plaintiff provided proof of service of the Summons and Complaint stating that it served PASO's authorized recipient for its registered agent. (*See* ECF No. 8, PASO Return of Service.) Service occurred on an authorized recipient for PASO's registered agent at Empire Stock Transfer, 1859 Whitney Mesa Dr., Henderson, NV 89014. Accordingly, Plaintiff properly served PASO with process, and the Court may exercise personal jurisdiction.

### C. Venue

The Complaint alleges that venue is proper in this district. (ECF No. 1, Compl. ¶ 11.) "A civil action may be brought in...(2) a judicial district in which a substantial part of the events or

9

omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). Venue is proper in this district because the transactions and courses of business alleged in the Complaint giving rise to the claim occurred within the Eastern District of New York. (ECF No. 1, Compl. ¶ 11.)

## II. Procedure

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018). Local Civil Rules 7.1 and 55.2 impose the additional requirements that the plaintiff attach certain materials to the motion for default judgment and file proof that all motion papers were mailed to the defendant.[1]

### A. Entry of Default

The Clerk of Court properly entered a certificate of default against PASO. PASO was served on September 19, 2022, (ECF No. 8, PASO Return of Service), and was required to answer or otherwise respond by October 10, 2022. When PASO failed to do so, Plaintiff requested an entry of default on November 17, 2022. (ECF No. 11, Req. Cert. Def.) In requesting an entry of default, Plaintiff complied with Local Civil Rule 55.1. Plaintiff filed a request for a Clerk's Certificate of Default, along with a proposed Certificate

---

[1] This Order applies the Local Civil Rules of the Eastern District of New York as stated, prior to changes to the relevant local rules effective July 1, 2024.

10

of Default, an affidavit stating that PASO was a corporation, and therefore not in military service, and not an infant or otherwise incompetent; that PASO failed to respond or defend the action; and that PASO was properly served. (*Id.*)

**B.    Local Civil Rule 7.1**

Under Local Civil Rule 7.1, a motion for default judgment must consist of, in relevant part, a notice of motion, a memorandum of law, and supporting affidavits and exhibits. Loc. Civ. R. 7.1(a). Here, Plaintiff complies with Local Civil Rule 7.1(a).

**C.    Local Civil Rule 55.2**

Under Local Civil Rule 55.2(b), a "party seeking a judgment by default...shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2(b). The moving party must then mail all papers submitted to the Court pursuant to Local Civil Rule 55.2(b) to the party against whom a default judgment is sought "at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)" and file proof of such mailing with the court. Loc. Civ. R. 55.2(c).

Importantly, "[a] plaintiff must provide some evidence that the address[] used for service of the motion for default [is] the last known business address...for the corporate defendant[.]"

*Dominguez v. Hernandez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *16 (E.D.N.Y. Feb. 22, 2023), *report and recommendation adopted*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023); *see also Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372 (CBA) (VMS), 2020 WL 3002362, at *4 (E.D.N.Y. Feb. 20, 2020), *report and recommendation adopted*, No. 18-CV-03372 (CBA) (VMS), 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020) ("Without a representation in the record that '1068 East 14th Street - #2, Brooklyn, New York' is Mr. Saiag's last known residence, the Court lacks evidence upon which to infer that service on Mr. Saiag at that address properly afforded him notice of the motion for default judgment as contemplated by Local Rule 55.2(c)."). "Generally, courts look to the pleading or motion papers to determine whether plaintiff properly mailed its default judgment papers in accordance with Local Rule 55.2(c)." *Dominguez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *16.

"[F]ailure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment. Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking." *United States v. Hamilton*, 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) (internal quotations and citation omitted), *report and recommendation adopted*, No. 218-CV-02011 (ADS) (SIL), 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019); *see also, e.g., Santacruz v.*

12

*Blok Chocolatier LLC,* 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021), *report and recommendation adopted*, No. 19-CV-0544 (EK) (SJB), 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment.").

Further, where it is "unclear to the Court" whether a corporate defendant "was served at its last known business address," "[t]his confusion alone warrants denial of the motion." *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, *4 (E.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, No. 116-CV-1465 (AMD) (SJB), 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (collecting cases).

Here, Plaintiff again fails to comply strictly with Local Civil Rule 55.2(c). Although Plaintiff's Certificate of Service, declared under penalty of perjury, states that 2001 Marcus Avenue, New Hyde Park, NY 11042 is PASO's last known business address, it is still "unclear to the Court" whether PASO was in fact properly "served at its last known business address" under Local Civil Rule 55.2(c). *Allstate Ins. Co.*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, *4. Plaintiff's Certificate of Service provides no evidence that the 2001 Marcus Avenue address is, in fact, PASO's last known business address. *See Dominguez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *16. The Certificate of Service simply

13

states that PASO's "last known business address" is "2001 Marcus Avenue, New Hyde Park, NY 11042," but provides no factual support that PASO ever conducted business there. (ECF No. 27, Cert. of Serv.)

Further, nothing in the "pleading or motion papers" establishes that "2001 Marcus Avenue, New Hyde Park, NY 11042" is PASO's last known business address. First, although the Complaint states that PASO's principal place of business is in New Hyde Park, it does not state an actual address. *See Dominguez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *16; (ECF No. 1, Compl. ¶ 12).

Second, although the Summons issued to PASO lists "2001 Marcus Avenue, New Hyde Park, NY 11042" as PASO's address, PASO was served with the Summons and Complaint via its registered agent in Nevada – not at a business address in New Hyde Park. (*See* ECF No. 3, Summons; ECF No. 8, PASO Return of Service.)

Third, although Plaintiff did serve the Summons and Complaint on Mr. Weitzberg, then PASO's President, CEO, and Director, at 2001 Marcus Avenue, N 218, New Hyde Park, NY 11042, the Court has no reason to infer that the address at which Mr. Weitzberg was served was or is PASO's last known business address. (*See* ECF No. 10, Weitzberg Return of Service.) Mr. Weitzberg's Return of Service states that process was served on "Tina Seaman as Receptionist / Person Found in Charge at New Horizons & Better Life Clinics," "accept[ing] service in the absence of Bruce Weitzberg," and that,

14

"[u]pon information and belief, New Horizons & Better Life Clinics, 2001 Marcus Ave N 218 New Hyde Park, NY 11042 is the usual place of business or employment of Bruce Weitzberg." (*Id.*) However, nothing in the record indicates that "New Horizons & Better Life Clinics" at "2001 Marcus Avenue, N 218, New Hyde Park, NY 11042" is related to PASO, or states the basis for Plaintiff's "information and belief" that PASO conducts business at that address.

Indeed, Plaintiff's lack of evidence tying the 2001 Marcus Avenue address to PASO is even more glaring due to Mr. Weitzberg's passing prior to Plaintiff's motion for default judgment. Plaintiff offers no evidence that the 2001 Marcus Avenue address – which appears to have been the usual place of business or employment of Mr. Weitzberg, PASO's President, CEO, and Director, but under the name "New Horizons & Better Life Clinics" – was ever, or is still associated with PASO today, following the death of that same President, CEO, and Director.

Fourth, even if the 2001 Marcus Avenue address is properly associated with PASO, Plaintiff mailed the requisite default motion papers to "2001 Marcus Avenue, New Hyde Park, NY 11042" – without the unit number "218 N" that Plaintiff included when serving Mr. Weitzberg with the Summons and Complaint, which creates further confusion. *See Cao v. Wedding in Paris LLC*, No. 20-CV-2336, 2024 WL 1518847 (RK) (JAM), at *14 (E.D.N.Y. Mar. 29, 2024)

15

(denying plaintiffs' motion for default judgment in part when plaintiffs "did not identify the proper location—specifically, Units 1A and 1B—when serving [defendant] with the present motion, thereby rendering service at [defendant] improper" under Local Civil Rule 55.2(c)).

The "conflicting nature" of the circumstances for a determination whether Plaintiff properly mailed the default judgment motion papers to PASO at its last known address warrants denial under Local Civil Rule 55.2(c). *See Woodway USA, Inc. v. Speedfit LLC*, No. 22-CV-2455 (EK) (RER), 2023 WL 2969334, at *7 (E.D.N.Y. Feb. 2, 2023), *report and recommendation adopted*, No. 22-CV-2455 (EK) (JAM), 2024 WL 1175194 (E.D.N.Y. Mar. 19, 2024) ("That Woodway's complaint, the affidavits of service, and the Secretary of State's website offer multiple and conflicting addresses for Speedfit's place of business causes additional confusion regarding the proper place of mailing in order to demonstrate compliance with Local Rule 55.2(c).")

The conflicting nature of facts regarding PASO's last known business address is even more pronounced against the backdrop of the active settlement discussions between Plaintiff, PASO, and Mr. Weitzberg following the entry of default as to PASO and Mr. Weitzberg, which resulted in settlement offers by Mr. Weitzberg "on behalf of himself and another settlement offer on behalf of PASO...each of which was signed and notarized," and which included

16

a civil monetary penalty as to PASO. (ECF No. 26-2, Sukhatme Declaration ¶ 4.) Plaintiff not only received the signed and notarized consent judgments, but it also "began the process of seeking approval from the [SEC]'s five-member Commission." (*Id.* ¶ 5.) On May 3, 2023, Plaintiff learned of Mr. Weitzberg's death on May 2, 2023, and Plaintiff claims that "[o]n Weitzberg's death, his offer to settle claims against PASO expired." (ECF No. 26-1, Pl. Mem. at 2.) Plaintiff further asserts through counsel that neither Liora Sukhatme, senior counsel in Plaintiff's New York Regional Office, nor other SEC "colleagues have received any further communications from PASO." (ECF No. 26-2, Sukhatme Declaration ¶ 7.)

Courts in this district have repeatedly required strict compliance with local rules when considering motions for default judgment. *See Hamilton*, 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2. Strict compliance with the default motion rules has a sound basis; the Second Circuit has held that although "dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court,...[s]uch discretion is nonetheless not unlimited," and "[t]he circumscribed scope of the district court's discretion in the context of a default is a reflection of [the Second Circuit's] oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.

17

1993). Accordingly, district courts have a "responsibility to 'afford[] litigants a reasonable chance to be heard,'" and "in light of the 'oft-stated preference for resolving disputes on the merits,' doubts should be resolved in favor of the defaulting party." *Sec. & Exch. Comm'n v. Cattlin*, No. 21-CV-5294 (ARR) (JRC), 2024 WL 1259101, at *3 (E.D.N.Y. Mar. 8, 2024), *report and recommendation adopted*, No. 21-CV-5294 (ARR) (JRC), 2024 WL 1259387 (E.D.N.Y. Mar. 25, 2024) (quoting *Enron Oil Corp.*, 10 F.3d at 95).

Indeed, although courts in this Circuit have "[e]xcused a plaintiff's failure to strictly comply with the Local Civil Rules if a defendant received fair notice of the motion for default judgment," *Dominguez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *16, the Court finds no reason to do so in this instance. Although "[s]ometimes special circumstances will excuse compliance with [Local Civil Rule 55.2(c)'s] mailing rule, [] without such an excuse, strict compliance is required." *Id.* Here, Plaintiff offers no valid excuse, or even an explanation. Further, the defaulting defendant has not been completely absent; indeed, by Plaintiff's own declaration, Plaintiff received a signed and notarized consent judgment from PASO. (ECF No. 26-2, Sukhatme Declaration ¶ 4.)

Accordingly, this Court finds insufficient compliance with Local Civil Rule 55.2(c). At bottom, there is confusion as to (a) whether PASO's last known business address is "2001 Marcus Avenue,

18

New Hyde Park, NY 11042," especially following Mr. Weitzberg's death and the fact that PASO was never served at the New Hyde Park address but rather in Nevada; and (b) whether, even if the New Hyde Park address is the last known business address, the mailing bore the "N 218" unit number to ensure PASO received notice of the motion, *see Woodway USA, Inc.*, No. 22-CV-2455 (EK) (RER), 2023 WL 2969334, at *7; *Allstate Ins. Co.*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *4 (finding that where it is "unclear to the Court" whether a defendant "was served at its last known business address," "[t]his confusion alone warrants denial of the motion").

## Conclusion

Plaintiff's Motion for Default Judgment is respectfully denied without prejudice. Plaintiff is granted leave to re-file its motion for default judgment and re-serve PASO at its last known business address no later than 21 days from the date of entry of this Memorandum and Order. Plaintiff shall serve PASO with this Memorandum and Order by August 26, 2024.

**SO ORDERED.**

Dated:    August 22, 2024
          Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

19